**N. Eric NAFTCHI, Plaintiff,**

v.

**NEW YORK UNIVERSITY MEDICAL CENTER, et al., Defendants.**

**No. 96 Civ. 8116 LAK.**

United States District Court,
S.D. New York.

April 22, 1997.

Eric M. Nelson, New York City, for Plaintiff.

Ada Meloy, Deputy General Counsel, New York University, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

The plaintiff in this action, a tenured professor of rehabilitation medicine employed by New York University Medical Center ("NYUMC"), brings this action against NYU, Dr. Saul Farber, who is the dean and chairman of the Department of Medicine of the NYU School of Medicine, and other defendants. He contends that the defendants have discriminated against him on the basis of his age and/or national origin. The matter is before the Court in consequence of defendants' resistance to plaintiff's effort to take the deposition of Dr. Farber.

### Facts

Feelings appear to run high on both sides of this matter. Dr. Naftchi views himself as a victim of persecution. Dr. Farber and the other defendants appear to perceive themselves as targets of baseless harassment by an unhappy faculty member. One side or the other may be right—indeed, if there proves to be at least a grain of truth on each side, it would be far from the first such controversy in which that was so. But the parties must curb their sense of outrage in the interests of an orderly, economical, and prompt disposition of the litigation.

Plaintiff alleges that Dr. Farber was intimately involved in at least some of the episodes that form the basis of the complaint. He asserts:

"14. All of the harms, losses, injuries and damages suffered by Plaintiff have been visited upon him by or at the behest of Defendants, or any of them. * * *

"15. Defendant Farber, on one or more occasions, in his capacity as Dean and Provost of NYUMC, as well as otherwise, has personally barred Plaintiff from applying for outside grant or other research funding. From time to time, Dr. Farber has

also personally directed that funds donated by the Murry and Leonie Guggenheim, and Edmund Guggenheim Foundations ..., and the Metabolic Research Fund, be denied to Plaintiff for the conduct of his research, notwithstanding the specific terms and understandings under which such funds were to be administered by Defendants for the benefit of Plaintiff's research."

Moreover, he contends that he has been denied salary increases provided to other, similarly situated members of the faculty, that Dr. Farber has ignored his complaints and rendered assurances that were not fulfilled, and that unnamed defendants sought to pressure him into retiring, a matter of which—if it occurred—the dean presumably was aware.

Defendants have filed a motion to dismiss the complaint. Although they did not seek a stay of discovery pending resolution of the motion, they simply—and inappropriately—refused to participate in discovery. Accordingly, the Court held a conference call with counsel on April 4, 1997. The Court deferred discovery as to the compensation and treatment of faculty members other than the plaintiff pending resolution of the motion, but declined to stay all discovery and directed defendants to answer certain interrogatories and to produce certain documents by April 24, 1997. Defendants then objected to producing Dr. Farber for examination, contending that if he were examined before the initial discovery was completed, he would be compelled to return for another session after plaintiff obtained the documents and other information. The Court made clear that plaintiff would be permitted to depose Dr. Farber only once and gave plaintiff one week in which to determine whether he wanted to examine Dr. Farber now or later.

Although the Court has not been informed by plaintiff as to his wishes in respect of Dr. Farber, the Court's ruling evidently did not sit well with defendants. On April 18, 1997, the Court received a lengthy letter from defendants' counsel. She now argues that plaintiff should not be permitted to examine Dr. Farber *at any time* because "he has no recollection of communicating with plaintiff in the past ten years" and did not make decisions concerning plaintiff's salary, research funding, and office or laboratory space. Dr. Farber has submitted an affidavit to similar effect. The Court treats defendants' communications as a motion for a protective order.

### Discussion

The scope of discovery in federal civil litigation is broad. The parties are entitled to pursue "any matter, not privileged, which is relevant to the subject matter involved in the pending action ... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1); *see Johnson v. Nyack Hospital,* 169 F.R.D. 550, 555–56 (S.D.N.Y.1996). In consequence, it is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition. 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2037, at 494–95 (1994) (hereinafter WRIGHT). As the Second Circuit wrote in *Investment Properties Int'l, Ltd. v. IOS, Ltd.,* 459 F.2d 705, 708 (2d Cir.1972), "an order to vacate a notice of taking [of a deposition] is generally regarded as both unusual and unfavorable ... " *See also Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir.1979) (prohibition of deposition inappropriate absent extraordinary circumstances). Nor, in ordinary circumstances, does it matter that the proposed witness is a busy person or professes lack of knowledge of the matters at issue, as the party seeking the discovery is entitled to test the asserted lack of knowledge. WRIGHT § 2037, at 500.

There are, to be sure, some exceptions to this rule. Courts on occasion have barred the depositions of senior corporate officers where it was clear that the witness lacked personal familiarity with the facts of the case. *E.g., Thomas v. IBM Corp.,* 48 F.3d 478 (10th Cir.1995).

Dr. Farber's affidavit, which obviously was prepared with considerable care, does not assert that he lacks familiarity with any of the matters at issue in the case. He says

that he has not, as far as he recalls, spoken with plaintiff in over ten years—but he certainly does not say that he has not spoken with others about plaintiff. He says that decisions concerning plaintiff's salary, research funding, and office and laboratory space have not been made by him—but he does not say that he knows nothing about these matters. He says that he does not believe that he has personal knowledge of plaintiff or his activities over the past decade—but he certainly does not say that he lacks any information pertinent to the lawsuit or that could lead to relevant evidence. Hence, there is no basis for precluding a deposition of Dr. Farber altogether.

■ This is not to say that the Court is blind to the possibility of harassment. That risk was what prompted the Court to preclude plaintiff from deposing Dr. Farber twice—once before and once after the completion of the initial document phase of discovery. But the bare possibility of abuse does not afford an appropriate basis on which to block the deposition entirely.

### Conclusion

The question whether to grant the relief sought, assuming it is not precluded altogether as a matter of law, manifestly lies within this Court's discretion. Defendants' recent submission has added nothing to the fund of information before the Court at the time of the conference call. The motion therefore should not have been made.

Defendants' motion for a protective order barring the deposition of Dr. Saul Farber is denied in all respects. Defendants shall produce Dr. Farber for examination at time to be agreed upon by the parties or, in default of agreement, fixed by the Court.

SO ORDERED.