Larry **NYFIELD,** Plaintiff,

v.

**VIRGIN ISLANDS TELEPHONE CORP.,** St. Croix Cable TV, Inc., Innovative Communication Corp., and Jeffrey Prosser, Defendants.

No. CIV.1999/202M–R.

District Court, Virgin Islands, D. St. Croix.

Aug. 16, 2001.

## ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

RESNICK, United States Magistrate Judge.

THIS MATTER came for consideration on defendants' motion for a protective order. Plaintiff filed partial opposition to the motion followed by opposition to defendants' motion for protective order re: Jeffrey Prosser. Defendants filed a Reply in support of their motion. By order dated July 18, 2001, the court granted defendants' motion with regard to depositions of Andrea Martin ["Martin"] and Jeffrey Prosser ["Prosser"] as scheduled on August 1, and August 2, 2001 and indicated that the motion for protective order be would be further considered upon full briefing. There now appears to be no dispute concerning the taking of Martin's deposition (which is solely a scheduling matter). Remaining at issue are the taking of Prosser's deposition and the scope of Fed. R.Civ. P. Rule 30(b)(6) depositions of defendants.

## I. Deposition of Jeffrey Prosser

■ Defendants seek a protective order prohibiting the deposition of Jeffrey Prosser for reason that depositions of CEO's are not routinely permitted. Defendants contend that Prosser is only being sued because he is the Chief Executive Officer of ICC and that plaintiff's general allegations of Prosser's involvement in the subject matter herein lack specificity and are insufficient. Defendants cite ICC's numerous subsidiaries and argue that plaintiff should not be permitted to unduly burden top corporate officers based upon mere allegations. Defendants request that Prosser's deposition not take place until "...(1) the completion of all other scheduled Rule 30(b)(6) and individual depositions and (2) a showing that Mr. Prosser's deposition is still needed in this case."

In his opposition plaintiff asserts that Prosser is a party defendant herein and has been sued in his individual capacity based upon his personal conduct. Plaintiff argues that Prosser's motive and intent are critical elements herein and that such information is only within Prosser's control and cannot be provided by other deponents. Per plaintiff's partial opposition, plaintiff's theory is that his "transfer was not a reorganization but a fraud upon the Industrial Development Committee (sic) to pad VITELCO's employee list in order to meet the minimum number of required employees to maintain VITELCO's IDC benefits." Prosser's answer repeatedly asserts that plaintiff's transfer to VITELCO was part of the consolidation of the marketing functions for all ICC companies. (Answer at Paragraphs 9, 11, 12).

Plaintiff's complaint is brought against defendants VITELCO, St. Croix Cable TV, ICC and Jeffrey Prosser. Plaintiff alleges that he was employed by St. Croix Cable TV from 1986 and held the position of Director of Advertising and Production; that he was transferred to VITELCO's payroll in February of 1999 and has never performed any work for VITELCO; that VITELCO and St. Croix Cable TV are owned and controlled by ICC which is owned and controlled by Prosser; that the "decision to illegally and fraudulently transfer plaintiff to the VITELCO payroll was made by ICC and Jeffrey Prosser:; that as a result of the 'illegal transfer' " plaintiff sustained damages; that plaintiff's transfer constituted an ERISA violation; and that when plaintiff complained about his 401(k) benefits being paid by a company he did not work for, defendants eliminated his job, removed his benefits and, effectively, terminated him. (Complaint Paragraphs 7–14). Plaintiff pleads counts for ERSIA violation; wrongful discharge (24 V.I.C. § 76–79); breach of contract; violation of public policy and for reprehensible conduct warranting pu-

nitive damages.[1]

In answer to plaintiff's complaint Prosser admits that plaintiff was transferred to VITELCO and alleges that such transfer was "part of the consolidation of the marketing functions for all the ICC companies." Prosser admits that VITELCO and St. Croix Cable TV are wholly owned subsidiaries of ICC and that Prosser is the sole shareholder and CEO of ICC. It is unclear whether Prosser's denial of paragraph 11 of the complaint relates to the decision to transfer plaintiff to the VITELCO payroll or plaintiff's allegation that such transfer is illegal and fraudulent. Prosser states "that as an inadvertent consequence of the consolidation a number of employees were, in error, initially not included in VITELCO's 401(k) plan, but once VITELCO was made aware of the mistake, it cured the error." (Prosser, Answer Paragraphs 7–12).

Attached as Exhibit "1" to plaintiff's opposition is a part of an ATN manual[2] relevant to executive approval required for personnel action that provides that transfer between departments requires the approval of directors and the president of both departments. The organizational chart attached as plaintiff's Exhibit "2" indicates that Prosser is a director of both St. Croix Cable TV, Inc. and VITELCO and also President of St. Croix Cable TV. Plaintiff's other exhibits demonstrate Prosser's hands-on control of other employment matters within the ICC conglomerate.

In *Naftchi v. N.Y. University Medical Center*, 172 F.R.D. 130, 133 (S.D.N.Y.1997) the court refused to issue a protective order against taking the university dean's deposition despite the dean's affidavit concerning his belief that he lacked personal knowledge of certain matters. Here, Prosser has not made any averment of lack of knowledge. Further, Prosser is a named defendant herein based upon his alleged individual conduct.[3] *See, Johnson v. The New York Hospital, et. al.*, 897 F.Supp. 83, 86–87 (S.D.N.Y.1995).

Plaintiff has alleged a nefarious motive as the reason for the transfer which caused him harm. Prosser has asserted a contrary motive for such transfer. In either event, it is inconceivable that any such policy decision could be made without Prosser's approval and acquiescence. "When the motives behind corporate action are at issue, an opposing party usually has to depose those officers and employees who, in fact, approved and administered the particular action." *Travelers Rental Co. Inc. v. Ford Motor Company, et. al.*, 116 F.R.D. 140, 142 (D.Mass.1987).

Accordingly, it is hereby ORDERED that Prosser's motion to bar or delay his deposition is DENIED. The parties shall cooperate in scheduling such deposition at their earliest mutual convenience.

## II. Scope of Rule 30(b)(6) Depositions

■ Defendants' motion seeks a protective order with regard to items numbered 6, 8, 15, 18, 19 & 21 of plaintiff's Notices of Depositions to VITELCO, St. Croix Cable TV, and ICC.[4] Fed.R.Civ.P. 26(b)(1) provides that parties may obtain any matter, not privileged, that is relevant to the claim or defense of any party. The information sought need not be admissible at trial if it is reasonably calculated to lead to the discovery of admissible evidence.

As discussed above, plaintiff's complaint includes claims for wrongful discharge, breach of contract, violation of public policy and "reprehensible conduct warranting punitive damages." Plaintiff has alleged that his

---

1. Plaintiff has pending a motion to amend his complaint to plead inter alia, fraud on the V.I. Industrial Commission as the reason for plaintiff's transfer to VITELCO and a conspiracy by the defendants to terminate plaintiff's employment. Defendants have opposed such motion.

2. Defendants have not claimed that such manual is inapplicable hereto.

3. To date, there has been no motion to dismiss Prosser from this action.

4. In their Reply, defendants note that as a result of depositions already taken most or all of these issues are moot. To the extent the parties proceeded with such corporate depositions while *this motion was pending so be it*. Plaintiff may re-depose such deponents only upon a showing that any matter allowed herein was objected and not responded to and otherwise expressly reserved on record at such depositions.

transfer to the VITELCO payroll was illegal and fraudulent. Plaintiff argues that his transfer was fraudulently made in order that VITELCO could comply with IDC requirements regarding its umber of employees. The defendants have all denied this and emphatically asserted that plaintiff's transfer was part of the consolidation of marketing functions for all ICC companies.

Accordingly, plaintiff may inquire of defendants concerning the motivation for transfer of plaintiff and other employees of ICC companies to the VITELCO payroll.

Upon consideration, it is ORDERED AS FOLLOWS:

1. *Re: Number 6*

Defendants' motion is DENIED.

2. *Re: Number 8*

Defendants' motion is GRANTED with regard to salary and benefits of other employees and otherwise DENIED.

3. *Re: Number 15*

Defendants' motion is GRANTED with regard to plans for future consolidation and otherwise DENIED.

4. *Re: Number 16*

Defendants' motion is GRANTED.

5. *Re: Number 18*

Defendants' motion is GRANTED IN PART and the scope of inquiry shall be limited to employment issues concerning inter company transfers. Defendants need not provide the *amounts* of any settlements. Defendants' motion is otherwise DENIED.

6. *Re: Number 19*

Defendants' motion is GRANTED IN PART and the scope of inquiry shall be limited to IDC benefits allowed to VITELCO and to IDC requirements and investigations concerning the *number of persons employed by VITELCO.*

7 *Re: Number 21*

Defendants' motion is GRANTED.

